# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0544V
Filed: October 6, 2017
UNPUBLISHED

| | |
|---|---|
| DIANE M. SPHAR,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs;<br>Reasonable Hourly Rate, Improperly<br>Billed Items; Supplemental Fees |

*Wesly Matthew Nakajima, OConnor Acciani and Levy, LPA, Cincinnati, OH*, for petitioner.
*Linda Sara Renzi, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On May 28, 2015, Diane Sphar ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a radial nerve injury in her right arm as a result of an influenza ("flu") vaccine she received on November 18, 2013. On July 25, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 35.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**A. Procedural History of Request for Attorneys' Fees and Costs**

On January 10, 2017, petitioner filed her first motion requesting an award of attorneys' fees and costs. (ECF No. 41).  On January 23, 2017, respondent filed his standard response to petitioner's motion.  (ECF No. 43.)   In the response, respondent states "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent added, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Because of a number of issues that were identified in petitioner's application for attorneys' fees and costs, the OSM staff attorney managing this case held a status conference with the parties.  Among the issues discussed were clarification of a contingency fee agreement between petitioner and her counsel, the costs billed by petitioner's counsel for a prior civil court action, the hourly rates claimed by all of her attorneys (which were all higher than the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule),[3] and specific time entries which are not typically compensated in the Vaccine Program.  *See* Scheduling Order dated April, 21, 2017 (ECF No. 45).  Petitioner was offered the opportunity to file an amended application for attorneys' fees and costs addressing the issues raised during the status conference or to file a status report confirming that the motion for attorney's fees and costs was ripe for ruling as is.  *Id.* at 3-4.

On June 21, 2017, petitioner filed an amended motion for attorneys' fees and costs ("Amended Motion") (ECF No. 46).   Petitioner revised her request to now request attorneys' fees in the amount of $33,869.00, an additional $3,210.50 in attorneys' fees for additional time spent revising the fee application and attorneys' costs in the amount of $1,633.98.  *Id.* at 1-2.  In accordance with General Order #9, petitioner's counsel has confirmed that petitioner incurred no out-of-pocket expenses.  *See* Affidavit filed April 14, 2017 (ECF No. 44.)  Thus, the total amount requested is $38,713.48.  Respondent did not file an additional response.

The undersigned has reviewed the billing records submitted with petitioner's amended request.  In the undersigned's experience, the revised request appears reasonable overall, however, the requested billing rates will need to be revised to account for the years of experience for Mr. Mueller and Mr. Nakajima in 2014-2017.

---

[3] Schedule for 2015-2016 is available at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf, and for 2017 at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

**B. Evaluation of Petitioner's Attorneys' Fees and Costs Application**

Attorneys' fees in the Vaccine Program are calculated using the lodestar method, which involves multiplying a reasonable hourly rate by a reasonable number of billed hours. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008). An attorney representing a petitioner in the Vaccine Program is paid the forum rate unless the bulk of the work was performed in a locale other than the forum (i.e., District of Columbia), and the local rate is very significantly lower than the forum rate. *Id.* at 1349. If these two requirements are met, the *Davis* exception applies, and the attorney is paid according to the local rate. *Id.* (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl.Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 483 (1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

Petitioners "bear[] the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl.Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

  I.    **Hourly Rates**

      a. **Paul D. Mueller**

In support of her fee application, petitioner states that Mr. Mueller "has been in practice for eleven years with a focus on medical malpractice" and requests an hourly rate of $350 "in light of his skill, experience, reputation and the Office of Special Masters Attorney Fee Schedule." Amended Motion at 8-9. For an attorney practicing in the forum with 11 years of experience, the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015-2016 permits an attorney to bill in a range from $300 to $375 an hour. However, the fee application fails to take into account the

number of years of experience Mr. Mueller had in 2014.  The first billing entry by Mr. Mueller is dated January 23, 2014.  As a May 2006 law school graduate, Mr. Mueller, at most, would have had 7 years of experience from January to May 2014 and 8 years of experience from May 2014 to May 2015.  Mr. Mueller had only one billing entry in 2015 (January 23, 2015) and did not bill in 2016-2017.  The hourly rate range for an attorney with 4-7 years of experience is $225-$300 and for 8-10 years of experience, that range is $275-$350.  Thus, for all time entries billed by Mr. Mueller up until May 1, 2014 (5.3 hours), he will be awarded an hourly rate of $300.  For time billed after May 1, 2014 (6.7 hours), Mr. Mueller is awarded an hourly rate of $350.  This results in a total reduction of $265.00.

### b. W. Matthew Nakajima

Petitioner also requests an hourly rate of $350 for Mr. Nakajima.  In support of her application, petitioner states that Mr. Nakajima "has been practicing law for eight years with extensive experience in personal injury cases ranging from medical malpractice, wrongful death, truck wrecks, train wrecks, insurance bad faith and product liability claims…"  Amended Motion at 9.  For an attorney practicing in the forum with 8 to 10 years of experience, the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015-2016 permits an attorney to bill in a range from $300 to $375 an hour.  Petitioner's fee application again fails to take into account the number of years of experience Mr. Nakajima had in 2014-2016.  The first billing entry by Mr. Nakajima is dated December 3, 2014.  As a May 2008 law school graduate, Mr. Nakajima had 6 years of experience from October 2014 to May 2015, 7 years of experience from May 2015 to May 2016, and 8 years of experience from May 2016-May 2017.  As previously stated, the hourly rate range for an attorney with 4-7 years of experience is $225-$300 and $275-$350 for attorneys with 8-10 years of experience.  Thus, for all time entries billed by Mr. Nakajima from October 2014 up until May 1, 2016 (41.9 hours), he will be awarded an hourly rate of $300.  For time billed after May 1, 2016 (21.4 hours), Mr. Nakajima is awarded an hourly rate of $350.  This results in a total reduction of $2,095.00.

### II. Improperly Billed Entries

As was stated in the April 12, 2017 Scheduling Order, time spent learning the Vaccine Program and time related to seeking admission to the U.S. Court of Federal Claim is not compensable.  While most of the entries in the revised fee application were removed, there are several that remained.  Time billed by Mr. Nakajima on December 17, 2014 for researching the "Vaccine Injury Compensation Program" (0.7 hours)[4] and on February 11, 2015 for researching "Vaccine Injury Claims" (0.8 hours) is not compensable.  In addition, time billed by Mr. Nakajima on March 29, 2015 for completing his application for admission to the Court of Federal Claims (1.2 hours) and

---

[4] This particular billing entry contains a mathematical error.  Mr. Nakajima billed 0.7 hours at $400/hr which should have totaled $280.  The billing entry on the timesheet totaled $400 instead of $280.

4

for taking the E-filing test on May 4, 2015 (0.4 hours) is not compensable. Likewise, time billed by the paralegal on March 31, 2015 to complete the E-filing tutorial (0.5 hours) will not be compensated. All of these time entries have been removed and results in a reduction of $1,002.50.

The undersigned notes that the paralegal billed for work that would be considered secretarial work such as copying, scanning, saving records, filing exhibits, preparing invoices and scheduling appointments. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"). The undersigned will not deduct these entries in this particular case. However, should petitioner's counsel participate in the Vaccine Program in the future, these items will be deducted from any future fee applications.

### III.     Time Billed for Revising the Fee Application

Petitioner billed an additional $3,210.50 for time spent during the status conference on April 12, 2017, to discuss her fee application as well as time spent revising and filing the amended fee application. While petitioner's attorneys will be compensated for this time in this particular case only, the undersigned emphasizes that information regarding attorney fee applications and hourly rates is found in the Guidelines for Practice Under the National Vaccine Injury Compensation Program, the Vaccine Rules and in the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules all of which are available on the Court's website. The status conference to discuss the deficiencies in the fee application and the time petitioner spent revising her fee request should not have been necessary, especially since petitioner is requesting the maximum hourly forum rates for each of her attorneys.

### IV.     Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's revised request and the adjustments made in this decision, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs as follows:

| | | |
|---|---|---|
| Requested attorneys' fees: | | $33869.00 |
| Less reduction of hourly rates for Paul Mueller: | - | $   265.00 |
| Less reduction of hourly rates for W. Matt Nakajima: | - | $2,095.00 |
| Less reduction of improperly billed hours: | - | $1,002.00 |
| Supplemental Attorney Fees Requested: | | $3,210.50 |
| Costs: | | $1,633.98 |

**Total Attorneys' Fees and Costs Awarded:**              **$35,351.48**

**Accordingly, the undersigned awards the total of $35,351.48,[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, O'Connor, Acciani, & Levy.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.